# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW M. MULLENS<br>265 Gay Street<br>Plain City, OH 43064 | : <br> : <br> : <br> : | CASE NO.:<br><br>JUDGE |
| Plaintiff, | : <br> : | MAGISTRATE JUDGE |
| v. | : <br> : | **JURY DEMAND ENDORSED HEREIN** |
| MARQEL P. WATKINS<br>(Individually, personally, and in his official capacity as an employee and police officer of the City of Hilliard in its Division of Police)<br>5171 Northwest Parkway<br>Hilliard, Ohio 43026 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| NATASHA M. AKERS<br>3543 Paxton Drive<br>Hilliard, Ohio 43026 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| CITY OF HILLIARD<br>C/O: City Manager Michelle Crandall<br>3800 Municipal Way<br>Hilliard, Ohio 43026 | : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Matthew M. Mullens, by and through counsel, David A. Goldstein Co., L.P.A., and for his Complaint against Defendant Marqel P. Watkins, Defendant Natasha M. Akers, and Defendant City of Hilliard, does hereby state, allege, and aver that:

**I. JURISDICTION AND VENUE**

1. Jurisdiction over claims brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, is conferred on this Court by 28 U.S. C. § 1331 (federal question); § 1343 (civil rights), and jurisdiction over the state claims is conferred by 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Compensatory and punitive damages are sought pursuant to the common law of the State of Ohio; and 28 U.S.C. § 2201 and § 2202.

3. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, the common law of the State of Ohio and Fed. R. Civ. P. 54.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b), because the events giving rise to this action occurred in Franklin County, Ohio, where Defendant Natasha Akers resides and Defendant Watkins serves as Hilliard Division of Police.

**II. PARTIES**

5. Plaintiff Matthew M. Mullens is an individual, and, at all times relevant hereto, a resident of Franklin County, Ohio.

6. Defendant Marqel P. Watkins is being sued in his individual capacity; and was, at all relevant times hereto, an employee of the City of Hilliard, Hilliard Division of Police or other units located in Franklin County, Ohio, and a "person" under 42 U.S.C. § 1983 acting under color of law.

7. Defendant Natasha M. Akers is an individual, and, at all times relevant hereto, a resident of Franklin County, Ohio.

8. Defendant, City of Hilliard, is a political subdivision of the State of Ohio, located in Franklin County, Ohio, and a "person" under 42 U.S.C. §1983 acting under color of law. At all times hereto, the City of Hilliard operated a Division of Police which employed Defendant

Watkins and was responsible for the supervision and administration of the Division of Police. The City is sued under a theory of municipal liability pursuant to *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978).

### III. FACTS

9. The facts upon which this Complaint is based and the claims of Matthew M. Mullens (referred to herein as "Plaintiff") against Defendant Marqel P. Watkins (referred to herein as "Defendant Watkins"), Defendant Natasha M. Akers (referred to herein as "Defendant Akers"), and Defendant City of Hilliard ("City" and/or "Defendant City") (collectively referred to herein as "Defendants") are founded, in part, upon the abuse of process, false arrest, malicious prosecution, and civil conspiracy against Plaintiff in violation of his civil rights which occurred on or about May 17, 2021.

10. In part, Plaintiff brings this Civil Action pursuant to 42 U.S.C. §§ 1983 and 1988 against Hilliard police officer Defendant Watkins for his false arrest and unreasonable search and seizure of Plaintiff, and relatedly a *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978) action against the City.

11. This is a Civil Action for compensatory and punitive monetary damages for Defendants' violations of Plaintiff's rights secured under 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments to, and other provisions of the United States Constitution and comparable provision of the Ohio Constitution, as well as rights secured under the laws of Ohio.

12. At all relevant times hereto, this Civil Action is brought against Defendant Watkins because, on or about May 17, 2021, he initiated the unreasonable search and seizure of Plaintiff; the false arrest of Plaintiff; the malicious prosecution of Plaintiff; engaging in a civil

conspiracy against Plaintiff; and other actions and omissions under color of law which resulted in the deprivation of rights secured to Plaintiff under the Constitutions and laws of the State of Ohio.

13. Among other reasons, this Civil Action is brought against the City for its having employed unconstitutional customs and policies; for its lack of control over Defendant Watkins and its police officer employees; for its failure to supervise and/or train Defendant Watkins and other members of its Division of Police; and for having knowledge about wrongdoing by Defendant Watkins but taking no action until substantial harm had been visited on Plaintiff and other members of the community at large.

14. At all relevant times hereto, Plaintiff avers that Defendants, jointly and/or severally, acted:

> a. unlawfully, maliciously, deliberately, recklessly, willfully, intentionally, in bad faith, and/or negligently;
>
> b. wantonly; purposefully; knowingly;
>
> c. without probable cause, legal right, or justification;
>
> d. under color of law, statutes, ordinances, regulations, policies, customs, and/or usage;
>
> e. with deliberate indifference;
>
> f. with malicious purpose;
>
> g. and/or with gross negligence.

15. This Civil Action seeks compensatory and punitive monetary damages from Defendants for the commission of acts and/or omission to act under color of law, statutes, ordinances, regulations, policies, customs, or usage which deprived Plaintiff of his rights,

4

privileges or immunities secured for Plaintiff by the Constitution and laws of the United States of America and the Constitution of Ohio; and further, for singularly and/or acting in concert to deny, and intentionally failing to prevent and/or neglecting to prevent and/or showing reckless disregard and/or deliberate disregard to preventing the denial of Plaintiff's rights to procedural and substantive due process and equal protection of the laws, and his right to be free from unreasonable search and seizure and false arrest by Defendant Watkins.

16. Plaintiff seeks monetary damages from certain Defendants for their maintenance and enforcement of policies, rules, practices, regulations, customs, and usage under color of law, which operated to cause the abuse of process, false arrest, malicious prosecution, and civil conspiracy of Plaintiff and damages to Plaintiff as set forth herein, all in violation of federal and Ohio law.

17. Among other reasons, this action is brought to redress injuries to the liberty, person, and property interests of Plaintiff because of Defendant Watkins' and some of the other Defendants' acts and/or omissions which include but are not limited to: (a) abuse of process against Plaintiff; (b) false arrest of Plaintiff; (c) wrongful detention of Plaintiff; (d) malicious prosecution of Plaintiff; (e) civil conspiracy against Plaintiff; (f) fraudulent and malicious deprivation of Plaintiff's rights to bodily and personal privacy, due process, and equal protection of the laws of the United States of America and the State of Ohio; (g) other acts and omissions of which resulted in injury or losses to Plaintiff; (h) abridgment of Plaintiff's rights secured to him under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and similar provisions of the Ohio Constitution; (i) other acts and omissions which resulted in injury or losses to Plaintiff; and (j) other actions and omissions under color of law which resulted in the deprivation of rights secured to Plaintiff under the Constitutions and laws of the State of Ohio.

5

18. At all times relevant hereto, Defendant Watkins had been employed as a police officer with the Hilliard Division of Police.

19. At the time of his commission as a Hilliard police officer, Defendant Watkins took an oath to uphold the United States Constitution, as well as the constitution and laws of the State of Ohio.

20. At all relevant times hereto, Defendant Watkins was on duty as a Hilliard Police Officer.

21. At a point prior to May 17, 2021, Defendant Akers and Plaintiff engaged in a personal relationship that ended prior to May 17, 2021.

22. Defendant Akers and Plaintiff are the biological parents of Evelyn Mullens.

23. At a point prior to May 17, 2021, Defendant Akers had a valid domestic violence civil protection order (referred to herein as "CPO") against Plaintiff.

24. The CPO was valid on May 17, 2021.

25. The CPO prohibited Plaintiff from posting any photographs or images of Defendant Akers or Evelyn Mullens.

26. On May 17, 2021, Defendant Akers arrived at the Hilliard Police Department with the intent of falsely and maliciously accusing Plaintiff of violating the CPO.

27. At that time, Defendant Watkins met with Defendant Akers at the Hilliard Police Department.

28. Upon information and belief, Defendant Watkins, who at all relevant times hereto, is and was a police officer with the City of Hilliard Police Department, took Defendant Akers' report; prepared and signed an affidavit that alleged that Plaintiff had violated the terms of the CPO; prepared and signed a Criminal Complaint also drafted by Defendant Watkins that alleged

6

Plaintiff recklessly violated the terms of the CPO; and, in concert with Defendant Akers, filed or caused to be filed both documents with the Franklin County Municipal Court Clerk on May 17, 2021. The filing of those documents initiated criminal proceedings against Plaintiff.

29. Upon information and belief, Defendant Watkins also prepared the arrest warrant, and he presented or caused to be presented the prepared arrest warrant with the affidavit and criminal complaint for someone in the Franklin County Municipal Court Clerk's office to sign.

30. Under Ohio law, police officers are able to execute affidavits to initiate criminal proceedings, but it would be improper for police officers to execute sworn statements asserting probable cause in order to initiate criminal proceedings and issue arrest warrants if they do not have sufficient evidence of probable cause that a criminal act was committed.

31. At all relevant times hereto, Defendant Watkins had a duty to inspect, investigate, and verify any and all claims regarding the violation of a civil protection order.

32. Defendant Watkins failed to inspect, investigate, and verify that Plaintiff had violated the CPO, as Defendant Akers claimed.

33. As a result of Defendant Watkins' failure to inspect, investigate, and verify that Plaintiff had violated the CPO, and engage in a conspiracy with Defendant Akers, Defendant Watkins requested a warrant be issued for Plaintiff's arrest.

34. As a result of Defendant Watkins' failure to inspect, investigate, and verify that Plaintiff had violated the CPO, and engage in a conspiracy with Defendant Akers, on May 17, 2021, a warrant was issued for Plaintiff's arrest.

35. As a result of Defendant Watkins' failure to inspect, investigate, and verify that Plaintiff had violated the CPO, and engage in a conspiracy with Defendant Akers, on May 24, 2021, Plaintiff was arrested for violating the CPO.

36. On May 24, 2021, Plaintiff was arrested without probable cause.

37. As a result of Defendant Watkins' failure to inspect, investigate, and verify that Plaintiff had violated the CPO, and engage in a conspiracy with Defendant Akers, on May 24, 2021, Plaintiff was incarcerated from May 24, 2021, through May 27, 2021.

38. The basis of the criminal complaint, issuance of the warrant, and subsequent arrest was a result of the alleged posting of Instagram pictures ("photographs") of Defendant Akers and Evelyn Mullens in violation of the CPO.

39. On August 9, 2021, the State of Ohio dismissed its charges against Plaintiff at the request of the prosecutor due to the lack of probable cause. Specifically, the photographs that formed the basis of the criminal charges, issuance of the warrant, and subsequent arrest were already posted on the Instagram account well before the CPO was issued and no new photographs after the CPO were ever posted by Plaintiff that violated the CPO. As such, Plaintiff never violated the CPO.

40. Defendant Watkins' violation of Plaintiff's right to be free from unreasonable searches and seizures and free from false arrest, among other violations, under the circumstances, violated Plaintiff's known and established constitutional right to be free from unreasonable searches and seizures and false arrest, which was known or should have been known to Defendant Watkins.

41. The right to be free from unreasonable searches and seizures and false arrest is clearly established as a protection given by the Fourth Amendment of the United States Constitution.

42. Plaintiff sustained damages, including pain and suffering and extreme emotional distress, loss of enjoyment of his life, lost wages, and other losses all in amounts that will be shown when this cause comes on for trial.

43. The conduct of the individual Defendants was willful, malicious, oppressive, and in reckless disregard of the constitutional rights of Plaintiff, thus justifying punitive damages against Defendants Akers and Watkins in an amount that will be shown when this matter comes on for trial.

**IV. CLAMS FOR RELIEF**

**COUNT ONE: VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983**

44. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

45. This is an action brought against Defendant Watkins and the City in their individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, in violation of 42 U.S.C. § 1983 and § 1988.

46. Defendant Watkins was acting under the color of law when he wrongfully and without legal justification subjected Plaintiff to unreasonable seizure and false arrest, depriving him of bodily integrity, liberty, and due process of law.

47. As a direct and proximate result of Defendant Watkins' and the City's acts, omissions, and unreasonable seizure and false arrest, Defendant Watkins' deprived Plaintiff of the rights to be free from unreasonable seizure, the right to be free from false arrest, and the right to due process of law guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

48. Defendant Watkins' acts violated Plaintiff's constitutional rights.

49. Defendant Watkins' deprivation of Plaintiff's rights caused Plaintiff damages.

## COUNT TWO: VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983

50. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

51. Upon information and belief, the City has and/or had the policy to allow criminal complaints to be filed without a review by a supervisor and/or requiring an officer to conduct any investigation into what a complainant was alleging. This is not an exhaustive list of the policies that were in place at all relevant times.

52. The violation of Plaintiff's constitutional rights by Defendants herein was caused by a municipal policy or custom of the City, which amounted to a policy approved of and authorized by policymakers and superiors within the Hilliard Division of Police.

53. The City allowed an informal policy, custom, or practice to become so widespread within the Hilliard Division of Police as to constitute a custom or usage with the force of law.

54. The City allowed decisions of employees with final policymaking authority, or those subordinates to whom the authority was delegated, to become the policy, custom, or practice within the Hilliard Division of Police as to constitute a custom or usage with the force of law by ratifying and condoning the complained actions.

55. These policies, practices, and customs of the City were the moving force behind the violations of Plaintiff's constitutional rights.

56. The City was deliberately indifferent to proper training or supervision of Defendant Watkins, which resulted in violations of Plaintiff's constitutional rights.

57. As a result of the City's policies, practices and customs, and the failure to train and supervise Defendant Watkins, the constitutional rights of Plaintiff were violated, and he

suffered damages. Plaintiff is entitled to compensatory damages and attorneys' fees under 42 U.S.C. § 1983.

## COUNT THREE: FALSE ARREST AND IMPRISONMENT UNDER OHIO LAW

58. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

59. As described above, Plaintiff was falsely arrested and imprisoned in violation of Ohio law.

60. Plaintiff's false arrest and imprisonment were a direct and proximate result of Defendants' above-described actions, as well as the above-described actions of Defendant Watkins acting in his individual and professional capacity, Plaintiff has been injured, and Plaintiff is entitled to all damages resulting from Defendants' misconduct, in an amount to be proven at trial, but in excess of $25,000.00.

61. Defendants' above-described actions were malicious, reckless, deliberate, and callously indifferent to Plaintiff's federally protected rights.

## COUNT FOUR: MALICIOUS PROSECUTION UNDER OHIO LAW

62. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

63. As described above, Defendants acted with malice in instituting and continuing the criminal prosecution of Plaintiff for allegedly violating a Protection Order.

64. The above-described criminal prosecution terminated in Plaintiff's favor on August 9, 2021, when charges in the criminal action were dismissed.

65. Defendants' actions constituted malicious prosecution under Ohio law, and as a direct and proximate result of Defendants' above-described misconduct, Plaintiff has been injured, and Plaintiff is entitled to all damages resulting from Defendants' actions, in an amount to be proven at trial.

66. Defendants' above-described actions were malicious, reckless, deliberate, and callously indifferent to Plaintiff's federally protected rights.

### COUNT FIVE: MALICIOUS PROSECUTION UNDER OHIO LAW AS TO DEFENDANT AKERS

67. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

68. As described above, Defendants acted with malice in instituting and continuing the criminal prosecution of Plaintiff for allegedly violating a Protection Order.

69. The above-described criminal prosecution terminated in Plaintiff's favor on August 9, 2021, when charges in the criminal action were dismissed.

70. Defendant Akers' actions constituted malicious prosecution under Ohio law, and as a direct and proximate result of Defendant Akers' above-described misconduct, Plaintiff has been injured, and Plaintiff is entitled to all damages resulting from Defendant Akers' actions, in an amount to be proven at trial.

71. Defendant Akers' above-described actions were malicious, reckless, deliberate, and callously indifferent to Plaintiff's federally protected rights.

### COUNT SIX: ABUSE OF PROCESS AS TO DEFENDANT AKERS

72. Plaintiff incorporates by reference the prior allegations as if fully set forth herein.

73. As described above, on May 17, 2021, Defendant Akers falsely and maliciously accused Plaintiff of violating the CPO by making a report with Defendant Watkins of the City of Hilliard Police Department.

74. As described above, on May 17, 2021, Defendant Watkins took Defendant Akers' report; prepared and signed an affidavit that alleged that Plaintiff had violated the terms of the CPO; prepared and signed a Criminal Complaint also drafted by Defendant Watkins that alleged Plaintiff recklessly violated the terms of the CPO; and, in concert with Defendant Akers, filed or

caused to be filed both documents with the Franklin County Municipal Court Clerk on May 17, 2021. The filing of those documents initiated criminal proceedings against Plaintiff.

75. Defendant Akers has used the legal process for an ulterior purpose.

76. As described above, Defendant Akers willfully and/or intentionally filed said action to harass, annoy, and/or wrongfully punish Plaintiff for violating the CPO, a false allegation made by Defendant Akers.

77. On August 9, 2021, the State of Ohio dismissed its charges against Plaintiff at the request of the prosecutor due to the lack of probable cause. Specifically, the photographs that formed the basis of the criminal charges, issuance of the warrant, and subsequent arrest were already posted on the Instagram account well before the CPO was issued and no new photographs after the CPO were ever posted by Plaintiff that violated the CPO. As such, Plaintiff never violated the CPO.

78. The filing of said actions and use of the judicial system by Defendant Akers is not proper.

79. As a direct and proximate result of Defendant Akers' wrongful use of process for an ulterior purpose, Plaintiff has suffered damages in an amount to be determined at trial.

## I. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award compensatory damages, in an amount to be determined at trial, against all defendants; punitive damages as to Defendants Watkins and Akers; prejudgment and post-judgment interest; costs; attorneys' fees, and such other relief as the Court may deem appropriate.

                                Respectfully submitted,

                                /s/ *David A. Goldstein*
                                **DAVID A. GOLDSTEIN (0064461)**
                                **SARA M. VALENTINE (0098685)**
                                DAVID A. GOLDSTEIN CO., L.P.A.
                                511 S. High Street
                                Suite 200
                                Columbus, Ohio 43215
                                (614) 222-1889
                                (614) 222-1899(Fax)
                                dgoldstein@dgoldsteinlaw.com
                                svalentine@dgoldsteinlaw.com

                                *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial on all issues triable to a jury.

/s/ *David A. Goldstein*
**DAVID A. GOLDSTEIN (0064461)**